1  Tod M. Ratfield, Esq. (#148545)
   A Professional Corporation
2  Attorney at Law
   1233 Alpine Road
3  Walnut Creek, CA 94596
   Telephone (925) 934-3300
4  Facsimile: (925) 934-9775
   E-mail: todratfield@yahoo.com
5
   Attorney for Defendants
6  MANMOHAN K. WIG and WIG PROPERTIES, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  LAL BHATIA,                         Case No.: C10-00072 SBA

12                                      DEFENDANTS' MANMOHAN K. WIG
              Plaintiff,                AND WIG PROPERTIES, LLC ANSWER
13  v.                                  TO COMPLAINT

14  MANMOHAN K. WIG;
    WIG PROPERTIES, LLC.;
15  AND DOES 1-50.

16          Defendants.
                                    /
17

18      COMES NOW Defendants Manmohan K. Wig individually and as managing member of

19  Wig Properties, LLC, and Wig Properties, LLC a Washington Limited Liability Company

20  (hereinafter referred to collectively as "Wig") and answers the complaint of plaintiff Lal Bhatia

21  (hereinafter referred to as "Plaintiff") as follows:

22      1.    In response to the averments set forth in paragraph 1 of the complaint, Wig is

23  without sufficient knowledge and information to form a belief as to the truth of the averments set

24  forth in paragraph 1 of the complaint, and therefore denies each and every averment.

25

26  *Bhatia v. Wig, et al.*                          1
    Wigs' Answer to Complaint

2. In response to the averments set forth in paragraph 2 of the complaint, **Wig** admits that he resides in King County, Washington.

3. In response to the averments set forth in paragraph 3 of the complaint, **Wig** admits that Defendant **Wig Properties,** LLC is a Washington limited liability company that is owned and controlled by **Manmohan K. Wig** and non-defendant, **Priscilla Wig.**

4. In response to the averments set forth in paragraph 4 of the complaint, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 4 of the complaint, and, therefore, denies each and every such averment.

5. **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 5 of the complaint, and therefore denies each and every such averment.

6. In response to the averments set forth in paragraph 6 of the complaint, **Wig** admits that the United States District Court for the Northern District of California is the proper venue for this action pursuant to *28 U.S.C. Section 1391*, although **Wig** denies that any such unlawful conduct that **Plaintiff** avers that gives rise to the claims are true.

7. In response to the averments set forth in paragraph 7 of the complaint, **Wig** admits that the United States District Court for the Northern District of California is the proper venue for this action pursuant to *18 U.S.C. Section 1965*, although **Wig** denies that any such unlawful conduct that **Plaintiff** avers that gives rise to the claims are true.

8. In response to the averments set forth in paragraph 8 of the complaint, **Wig** admits that the United States District Court has jurisdiction of this lawsuit under *18 U.S.C. Section 1332(a)(1)* in that the avered amount in controversy exceeds $75,000, excluding interest and

*Shapat v. Wig, et al.*
Wigs' Answer to Complaint

2

costs.

9. In response to the averments set forth in paragraph 9 of the complaint, **Wig** admits that this Court has jurisdiction pursuant to *18 U.S.C. Section 1962(c)*, not *18 U.S.C. Section 1962(a)*, since **Plaintiff** has not prayed for the equitable relief set forth in *Section 1962(a)*

10. In response to the averments set forth in paragraph 10 of the complaint, **Wig** denies each and every averment.

11. In response to the averments set forth in paragraph 11 of the complaint, **Wig** denies each and every averment.

12. In response to the averments set forth in paragraph 12 of the complaint, **Wig** incorporates his admissions and denials to paragraph 1 through 11 herein.

13. In response to the averments set forth in paragraph 13, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 13 of the complaint, and therefore denies each and every averment.

14. In response to the averments set forth in paragraph 14, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 14 of the complaint, and therefore denies each and every averment.

15. In response to the averments set forth in paragraph 15 of the complaint, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 15 of the complaint, and therefore denies each and every averment.

16. In response to the averments set forth in paragraph 16 of the complaint, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 16 of the complaint, and therefore denies each and every averment.

*Bhatia v. Wig, et al.*                                          3
Wigs' Answer to Complaint

17. In response to the averments set forth in paragraph 17 of the complaint, **Wig** is without sufficient knowledge and information to form a belief as to the truth of the averments set forth in paragraph 17 of the complaint, and therefore denies each and every averment.

18. In response to the averment in paragraph 18 of the complaint, **Wig** admits that he is a cousin of the Plaintiff's wife's father through marriage.

19. In response to the averments set forth in paragraph 19 of the complaint, **Wig** responds that he had conversations with Plaintiff, but denies that he encouraged Plaintiff to move to the mainland.

20. In response to the averments set forth in paragraph 20 of the complaint, **Wig** responds that he had conversations with Plaintiff, but denies that he suggested or insisted Plaintiff move to Washington or that the opportunities were better in Washington.

21. In response to the averments set forth in paragraph 21 of the complaint. **Wig** denies each and every averment.

22. In response to the averments set forth in paragraph 22 of the complaint, **Wig** responds that he has been somewhat successful in real estate development, and that the **Wig Properties, LLC** website speaks for itself.

23. In response to the averments set forth in paragraph 23 of the complaint, **Wig** denies the averment in line one of said paragraph, but admits that he tries to excel in everything he does and is fair to those with whom he deals.

24. In response to the averments set forth in paragraph 24 of the complaint, **Wig** admits the averments set forth therein.

25. In response to the averments set forth in paragraph 25 of the complaint, **Wig**

denies each and every averment.

26. In response to the averments set forth in paragraph 26 of the complaint, **Wig** denies each and every averment.

27. In response to the averments set forth in paragraph 27 of the complaint, **Wig** denies each and every averment.

28. In response to the averments set forth in paragraph 28 of the complaint, **Wig** denies each and every averment.

29. In response to the averments set forth in paragraph 29 of the complaint, **Wig** denies each and every averment.

30. In response to the averments set forth in paragraph 30 of the complaint, **Wig** denies each and every averment.

31. In response to the averments set forth in paragraph 31 of the complaint, **Wig** denies each and every averment.

32. In response to the averments set forth in paragraph 32 of the complaint, **Wig** denies each and every averment.

33. In response to the averments set forth in paragraph 33 of the complaint, **Wig** denies each and every averment.

34. In response to the averments set forth in paragraph 34 of the complaint, **Wig** denies each and every averment.

35. In response to the averments set forth in paragraph 35 of the complaint, **Wig** denies each and every averment.

36. In response to the averments set forth in paragraph 36 of the complaint, **Wig**

admits the averments therein.

37. In response to the averments set forth in paragraph 37 of the complaint, **Wig** denies each and every averment.

38. In response to the averments set forth in paragraph 38 of the complaint, **Wig** admits the averments therein.

39. In response to the averments set forth in paragraph 39 of the complaint, **Wig** denies that there was any coordination efforts for any unlawful purpose, and further denies that Wig "executed the promissory note under the pretext that Allied Groups' internal policies dictate that, only based on proof of existing debt, such as a promissory note, would ABII be able to receive the money at closing." **Wig** admits that he mailed checks to ABII for $800,000 and signed a promissory note for $800,000 in reliance on Plaintiff's promise that he would obtain loan commitments for **Wig**.

40. In response to the averments set forth in paragraph 40 of the complaint, **Wig** denies each and every averment.

41. In response to the averments set forth in paragraph 41 of the complaint, **Wig** admits the averments therein.

42. In response to the averments set forth in paragraph 42 of the complaint, **Wig** denies each and every averment therein in the first two sentences of said paragraph. **Wig** admits that items (i) and (ii) were in the letter of commitment, but alleges that these items were in the letter of commitment at the insistence of Plaintiff not **Wig**.

43. In response to the averments set forth in paragraph 43 of the complaint. **Wig** admits the averments therein except the phrase, "on Wig's instructions," which **Wig** denies.

44.   In response to the averments set forth in paragraph 44 of the complaint. **Wig** admits the averments set forth therein.

45.   In response to the averments set forth in paragraph 45 of the complaint, **Wig** admits the averments set forth therein except for the phrase, "on Wig's instructions," which **Wig** denies.

46.   In response to the averments set forth in paragraph 46 of the complaint, **Wig** admits the averments set forth therein.

47.   In response to the averments set forth in paragraph 47 of the complaint. **Wig** denies each and every averment.

48.   In response to the averments set forth in paragraph 48 of the complaint. **Wig** denies each and every allegation in said paragraph.

49.   In response to the averments set forth in paragraph 49 of the complaint, **Wig** denies each and every of the remaining allegations herein.

50.   In response to the averments set forth in paragraph 50 of the complaint. **Wig** denies the averment in line one of said paragraph, but admits the remaining allegations.

51.   In response to the averments set forth in paragraph 51 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments; therefore. **Wig** denies each and every averment.

52.   In response to the averments set forth in paragraph 52 of the complaint, **Wig** denies each and every averment.

53.   In response to the averments set forth in paragraph 53 of the complaint, **Wig** admits the averments in said paragraph, but denies the phrase, "based on Wig's instructions."

*Bhatia v. Wig, et al.*                                              7
Wigs' Answer to Complaint

54. In response to the averments set forth in paragraph 54 of the complaint, **Wig** admits the averments therein.

55. In response to the averments set forth in paragraph 55 of the complaint, **Wig** denies each and every averment.

56. In response to the averments set forth in paragraph 56 of the complaint, **Wig** denies each and every averment.

57. In response to the averments set forth in paragraph 57 of the complaint, **Wig** denies the averment in line one of said paragraph that reads, "To show his confidence that the loan from Allied Group would close," but admits the remaining averments.

58. In response to the averments set forth in paragraph 58 of the complaint, **Wig** denies the averments in the last line of said paragraph, which reads, "and the possible acquisition of the Southcenter Square Mall." **Wig** admits the remaining averments in said paragraph.

59. In response to the averments set forth in paragraph 59 of the complaint, **Wig** denies each and every allegation herein.

60. In response to the averments set forth in paragraph 60 of the complaint, **Wig** admits the averments in said paragraph, but denies the use of the phrase, "on Wig's instructions."

61. In response to the averments set forth in paragraph 61 of the complaint, **Wig** admits the averments therein.

62. In response to the averments set forth in paragraph 62 of the complaint, **Wig** denies each and every allegation herein.

63. In response to the averments set forth in paragraph 63 of the complaint, **Wig** denies each and every averment, except the averments in lines four and five of said paragraph,

which **Wig** lacks sufficient information upon which to either admit or deny, and, therefore, denies said averments.

64. In response to the averments set forth in paragraph 64 of the complaint, **Wig** denies each and every averment.

65. In response to the averments set forth in paragraph 65 of the complaint, **Wig** denies each and every allegation herein.

66. In response to the averments set forth in paragraph 66 of the complaint, **Wig** admits that the averment in line one of said paragraph, but denies each and every of the remaining averments.

67. In response to the averments set forth in paragraph 67 of the complaint, **Wig** denies the averment in line one that reads, "As a show of good faith and to lull Plaintiff," but admits the remaining averment.

68. In response to the averments set forth in paragraph 68 of the complaint, **Wig** admits that he sent several letters to Plaintiff demanding the loan close or return **Wig's** money advanced to Allied Boston International, Inc. (ABII).

69. In response to the averments set forth in paragraph 69 of the complaint. **Wig** denies each and every allegation therein.

70. In response to the averments set forth in paragraph 70 of the complaint, **Wig** admits the averments therein that ABII sent **Wig** a letter attached as Appendix 8 to Plaintiff's complaint, but denies that **Wig** assured Plaintiff of anything including but not limited to the averments in paragraph 69 to which the alleged assurance may relate.

71. In response to the averments set forth in paragraph 71 of the complaint, **Wig**

admits the averments therein, except the phrase, "in connection with the closing of the other loans," which averment is denied.

72.     In response to the averments set forth in paragraph 72 of the complaint, **Wig** denies each and every averment in lines one and two of said paragraph, but admits that **Wig** executed a UCC-1 and deed of trust in favor of ABII, but that said documents were executed in reliance on the promises from Plaintiff and Jack Grover that they needed said documents in order for the loan to close.

73.     In response to the averments set forth in paragraph 73 of the complaint, **Wig** admits the averments therein, except **Wig** denies the statement, "as it would jeopardize the closing of the loan," and admits that **Wig** stated, "as it would jeopardize the then existing construction loans for the Lakewood Pavilion project."

74.     In response to the averments set forth in paragraph 74 of the complaint, **Wig** admits the averment that money was paid ABI for interest on the $800,000 promissory note, but **Wig** lacks information at this time as to whether the amount paid ABI is accurate, and, therefore denies the amount at this time.

75.     In response to the averments set forth in paragraph 75 of the complaint, **Wig** admits the averment that money was paid ABII for interest on the $1,840,000 promissory note, but **Wig** lacks information at this time as to whether the amount paid ABII is accurate, and, therefore denies the amount at this time.

76.     In response to the averments set forth in paragraph 76 of the complaint, **Wig** denies each and every averment therein except the averment that states, "Plaintiff must cancel and return the promissory notes, reconvey the original deed of trust and return the original

unfilled UCC-1 financing statement, " which **Wig** admits.

77.     In response to the averments set forth in paragraph 77 of the complaint, **Wig** denies all of line one up to the comma on line two of said paragraph, and further denies the word "additional" on line two, and admits the remaining averments therein.

78.     In response to the averments set forth in paragraph 78 of the complaint, **Wig** denies the averment relating to the allegation in lines one and two of said paragraph that the closing of a $500,000,000 loan was ever a pretext of **Wig's**, and further denies that Plaintiff was forced to sign the settlement agreement since it was agreed to before **Wig** made the trip to San Francisco, but admits the remaining averments.

79.     In response to the averments set forth in paragraph 79 of the complaint, **Wig** denies each and every allegation herein, but lacks information upon which to either admit or deny the amount paid to ABII, and, therefore, denies said allegation.

80.     In response to the averments set forth in paragraph 80 of the complaint, **Wig** denies each and every allegation herein.

81.     In response to the averments set forth in paragraph 81 of the complaint, **Wig** denies each and every allegation herein.

82.     In response to the averments set forth in paragraph 82 of the complaint, **Wig** denies each and every allegation herein.

83.     In response to the averments set forth in paragraph 83 of the complaint, **Wig** denies each and every allegation herein.

84.     In response to the averments set forth in paragraph 84 of the complaint, **Wig** denies each and every allegation herein.

85. In response to the averments set forth in paragraph 85 of the complaint, **Wig** lacks sufficient information upon which to admit or deny the averments therein, and, therefore denies each and every averments therein except the phrase, "based on Wig's suggestion," which **Wig** denies.

86. In response to the averments set forth in paragraph 86 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every averment.

87. In response to the averments set forth in paragraph 87 of the complaint, **Wig** denies each and every allegation herein.

88. In response to the averments set forth in paragraph 88 of the complaint, **Wig** denies each and every allegation herein.

89. In response to the averments set forth in paragraph 89 of the complaint, **Wig** denies that he made a representation to Plaintiff upon which Plaintiff relied as set forth in line one of said paragraph, and lacks sufficient information upon which to either admit or deny the remaining averments, and, therefore, denies each and every remaining averments.

90. In response to the averments set forth in paragraph 90 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore. denies each and every averment.

91. In response to the averments set forth in paragraph 91 of the complaint, **Wig** denies each and every allegation herein.

92. In response to the averments set forth in paragraph 92 of the complaint, **Wig** denies each and every allegation herein.

93. In response to the averments set forth in paragraph 93 of the complaint, **Wig** denies each and every allegation herein.

94. In response to the averments set forth in paragraph 94 of the complaint, **Wig** denies each and every allegation herein.

95. In response to the averments set forth in paragraph 95 of the complaint, **Wig** denies each and every allegation herein.

96. In response to the averments set forth in paragraph 96 of the complaint, **Wig** denies each and every allegation herein.

97. In response to the averments set forth in paragraph 97 of the complaint, **Wig** denies each and every allegation herein.

98. In response to the averments set forth in paragraph 98 of the complaint, **Wig** denies each and every allegation herein.

99. In response to the averments set forth in paragraph 99 of the complaint, **Wig** admits that he sent two checks to Abe, but denies each and every remaining averment herein.

100. In response to the averments set forth in paragraph 100 of the complaint, **Wig** denies each and every allegation herein.

101. In response to the averments set forth in paragraph 101 of the complaint. **Wig** denies each and every allegation herein.

102. In response to the averments set forth in paragraph 102 of the complaint, **Wig** denies each and every allegation herein.

103. In response to the averments set forth in paragraph 103 of the complaint, **Wig** denies each and every allegation herein.

104.    In response to the averments set forth in paragraph 104 of the complaint, **Wig** denies the averment that states, "Relying on Wig's representations." Wig lacks sufficient information upon which to either admit or deny whether Plaintiff's team in India gave newspaper interviews and handed brochures regarding Abe and Allied Boston. **Wig** admits Plaintiff sent **Wig** articles about Abe published in Indian newspapers.

105.    In response to the averments set forth in paragraph 105 of the complaint, **Wig** denies the averment that states, "Relying on Wig's representations and assurances," since **Wig** denies making any such representations and assurances as stated and implied by Plaintiff. **Wig** lacks sufficient information upon which to either admit or deny the remaining averments, and, therefore, denies each and every remaining averment herein.

106.    In response to the averments set forth in paragraph 106 of the complaint, **Wig** denies each and every allegation herein.

107.    In response to the averments set forth in paragraph 107 of the complaint, **Wig** denies each and every allegation herein.

108.    In response to the averments set forth in paragraph 108 of the complaint, **Wig** denies each and every allegation herein.

109.    In response to the averments set forth in paragraph 109 of the complaint, **Wig** denies each and every allegation herein.

110.    In response to the averments set forth in paragraph 110 of the complaint, **Wig** denies each and every allegation herein.

111.    In response to the averments set forth in paragraph 111 of the complaint, **Wig** denies each and every allegation herein.

112. In response to the averments set forth in paragraph 112 of the complaint, **Wig** denies each and every allegation herein.

113. In response to the averments set forth in paragraph 113 of the complaint, **Wig** denies each and every allegation herein.

114. In response to the averments set forth in paragraph 114 of the complaint, **Wig** denies each and every allegation herein.

115. In response to the averments set forth in paragraph 115 of the complaint, **Wig** denies each and every allegation herein.

116. In response to the averments set forth in paragraph 116 of the complaint, **Wig** denies each and every allegation herein.

117. In response to the averments set forth in paragraph 117 of the complaint, **Wig** denies each and every allegation herein.

118. In response to the averments set forth in paragraph 118 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, **Wig** denies each and every averment herein.

119. In response to the averments set forth in paragraph 119 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, **Wig** denies each and every averment herein.

120. In response to the averments set forth in paragraph 120 of the complaint, relying on Plaintiff's representation and conviction that Ahe's stock price had increased dramatically and will continue to increase in the near future, **Wig** admits the allegation herein.

121. In response to the averments set forth in paragraph 121 of the complaint, **Wig**

denies each and every allegation herein.

122. In response to the averments set forth in paragraph 122 of the complaint, **Wig** denies each and every allegation herein.

123. In response to the averments set forth in paragraph 123 of the complaint, **Wig** denies each and every allegation herein.

124. In response to the averments set forth in paragraph 124 of the complaint, **Wig** denies each and every allegation herein.

125. In response to the averments set forth in paragraph 125 of the complaint, **Wig** denies each and every allegation herein.

126. In response to the averments set forth in paragraph 126 of the complaint, **Wig** denies each and every allegation herein.

127. In response to the averments set forth in paragraph 127 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt in the United Kingdom as part of her investment in Abe. **Wig** denies each and every of the remaining allegations.

128. In response to the averments set forth in paragraph 128 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his cousin as part of his investment in Abe. **Wig** denies each and every of the remaining allegations.

129. In response to the averments set forth in paragraph 129 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore,

denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt as part of her investment in Abe. **Wig** denies each and every of the remaining allegations.

130. In response to the averments set forth in paragraph 130 of the complaint, **Wig** denies each and every allegation herein.

131. In response to the averments set forth in paragraph 131 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt in the United Kingdom as part of her investment in Abe. **Wig** denies each and every of the remaining allegations.

132. In response to the averments set forth in paragraph 132 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt in the United Kingdom as part of her investment in Abe. **Wig** denies each and every of the remaining allegations.

133. In response to the averments set forth in paragraph 133 of the complaint, **Wig** denies each and every allegation herein.

134. In response to the averments set forth in paragraph 134 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt and uncle as part of their investment in Abe. **Wig** denies each and every of the remaining allegations.

135. In response to the averments set forth in paragraph 135 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore,

*Oknita v. Wig, et al.* 17
Wigs' Answer to Complaint

denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt and uncle in the United Kingdom as part of their investment in Abe. **Wig** denies each and every of the remaining allegations.

136. In response to the averments set forth in paragraph 136 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his uncle for his aunt's investment in Abe. **Wig** denies each and every of the remaining allegations.

137. In response to the averments set forth in paragraph 137 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt in the United Kingdom and his uncle and other aunt in California as part of their investment in Abe. **Wig** denies each and every of the remaining allegations.

138. In response to the averments set forth in paragraph 138 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and therefore, denies the averments regarding the alleged payment Plaintiff claims to have sent his aunt in the United Kingdom as part of her investment in Abe. **Wig** denies each and every of the remaining allegations.

139. In response to the averments set forth in paragraph 139 of the complaint, **Wig** denies each and every allegation herein.

140. In response to the averments set forth in paragraph 140 of the complaint, **Wig** denies each and every allegation herein.

141. In response to the averments set forth in paragraph 141 of the complaint, **Wig**

denies each and every allegation herein.

142. In response to the averments set forth in paragraph 142 of the complaint, **Wig** denies each and every allegation herein.

143. In response to the averments set forth in paragraph 143 of the complaint, **Wig** denies each and every allegation herein.

144. In response to the averments set forth in paragraph 144 of the complaint, **Wig** denies each and every allegation herein.

145. In response to the averments set forth in paragraph 145 of the complaint, **Wig** denies each and every allegation herein.

146. In response to the averments set forth in paragraph 146 of the complaint, **Wig** denies each and every allegation herein.

147. In response to the averments set forth in paragraph 147 of the complaint, **Wig** denies each and every allegation herein.

148. In response to the averments set forth in paragraph 148 of the complaint, **Wig** admits the averments herein.

149. In response to the averments set forth in paragraph 149 of the complaint, **Wig** admits the averments herein.

150. In response to the averments set forth in paragraph 150 of the complaint, **Wig** denies each and every allegation herein.

151. In response to the averments set forth in paragraph 151 of the complaint, **Wig** denies each and every allegation herein.

152. In response to the averments set forth in paragraph 152 of the complaint, **Wig**

denies each and every allegation herein.

153. In response to the averments set forth in paragraph 153 of the complaint, **Wig** denies each and every allegation herein.

154. In response to the averments set forth in paragraph 154 of the complaint. **Wig** denies each and every allegation herein.

155. In response to the averments set forth in paragraph 155 of the complaint. **Wig** denies each and every allegation herein.

156. In response to the averments set forth in paragraph 156 of the complaint, **Wig** denies each and every allegation herein.

157. In response to the averments set forth in paragraph 157 of the complaint, **Wig** denies each and every allegation herein.

158. In response to the averments set forth in paragraph 158 of the complaint, **Wig** denies each and every allegation herein.

159. In response to the averments set forth in paragraph 159 of the complaint, **Wig** denies each and every allegation herein.

160. In response to the averments set forth in paragraph 160 of the complaint, **Wig** denies each and every allegation herein.

161. In response to the averments set forth in paragraph 161 of the complaint, **Wig** denies each and every allegation herein.

162. In response to the averments set forth in paragraph 162 of the complaint, **Wig** denies each and every allegation herein.

163. In response to the averments set forth in paragraph 163 of the complaint, **Wig**

lacks sufficient information upon which to either admit or deny the averments set forth herein, and, therefore, denies each and every allegation herein.

164. In response to the averments set forth in paragraph 164 of the complaint, **Wig** denies each and every allegation herein.

165. In response to the averments set forth in paragraph 165 of the complaint, **Wig** denies each and every allegation herein.

166. In response to the averments set forth in paragraph 166 of the complaint, **Wig** admits the orders and judgments by default were entered against ABI and ABE September 25, 2002 and the orders and judgment by default were entered against Lal Bhatia October 4, 2002.

167. In response to the averments set forth in paragraph 167 of the complaint, **Wig** lacks sufficient information upon which **Wig** can either admit or deny, and, therefore, denies each and every allegation herein.

168. In response to the averments set forth in paragraph 168 of the complaint, **Wig** admits the averments herein.

169. In response to the averments set forth in paragraph 169 of the complaint, **Wig** denies each and every allegation herein.

170. In response to the averments set forth in paragraph 170 of the complaint, **Wig** denies each and every allegation herein.

171. In response to the averments set forth in paragraph 171 of the complaint, **Wig** denies each and every allegation herein.

172. In response to the averments set forth in paragraph 172 of the complaint, **Wig** denies each and every allegation herein.

173. In response to the averments set forth in paragraph 173 of the complaint. **Wig** denies each and every allegation herein.

174. In response to the averments set forth in paragraph 174 of the complaint. **Wig** denies each and every allegation herein.

175. In response to the averments set forth in paragraph 175 of the complaint, **Wig** denies each and every allegation herein.

176. In response to the averments set forth in paragraph 176 of the complaint, **Wig** denies each and every allegation herein.

177. In response to the averments set forth in paragraph 177 of the complaint, **Wig** denies each and every allegation herein.

178. In response to the averments set forth in paragraph 178 of the complaint, **Wig** denies each and every allegation herein.

179. In response to the averments set forth in paragraph 179 of the complaint, **Wig** denies each and every allegation herein.

180. In response to the averments set forth in paragraph 180 of the complaint, **Wig** denies each and every allegation herein.

181. In response to the averments set forth in paragraph 181 of the complaint. **Wig** denies each and every allegation herein.

182. In response to the averments set forth in paragraph 182 of the complaint, **Wig** denies each and every allegation herein.

183. In response to the averments set forth in paragraph 183 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore,

denies each and every averment herein.

184. In response to the averments set forth in paragraph 184 of the complaint, **Wig** denies each and every allegation herein.

185. In response to the averments set forth in paragraph 185 of the complaint, **Wig** denies each and every allegation herein.

186. In response to the averments set forth in paragraph 186 of the complaint, **Wig** denies each and every allegation herein.

187. In response to the averments set forth in paragraph 187 of the complaint, **Wig** denies each and every allegation herein.

188. In response to the averments set forth in paragraph 188 of the complaint, **Wig** denies each and every allegation herein.

189. In response to the averments set forth in paragraph 189 of the complaint, **Wig** denies each and every allegation herein.

190. In response to the averments set forth in paragraph 190 of the complaint, **Wig** denies each and every allegation herein.

191. In response to the averments set forth in paragraph 191 of the complaint, **Wig** denies each and every allegation herein.

192. In response to the averments set forth in paragraph 192 of the complaint, **Wig** denies each and every allegation herein.

193. In response to the averments set forth in paragraph 193 of the complaint, **Wig** denies each and every allegation herein.

194. In response to the averments set forth in paragraph 194 of the complaint, **Wig**

denies each and every allegation herein.

195. In response to the averments set forth in paragraph 195 of the complaint, **Wig** denies each and every allegation herein.

196. In response to the averments set forth in paragraph 196 of the complaint, **Wig** denies each and every allegation herein.

197. In response to the averments set forth in paragraph 197 of the complaint, **Wig** denies each and every allegation herein.

198. In response to the averments set forth in paragraph 198 of the complaint, **Wig** denies each and every allegation herein.

199. In response to the averments set forth in paragraph 199 of the complaint, **Wig** denies each and every allegation herein.

200. In response to the averments set forth in paragraph 200 of the complaint, **Wig** denies each and every allegation herein.

201. In response to the averments set forth in paragraph 201 of the complaint, **Wig** denies each and every allegation herein.

202. In response to the averments set forth in paragraph 202 of the complaint, **Wig** denies each and every allegation herein.

203. In response to the averments set forth in paragraph 203 of the complaint, **Wig** denies each and every allegation herein.

204. In response to the averments set forth in paragraph 204 of the complaint, **Wig** denies each and every allegation herein.

205. In response to the averments set forth in paragraph 205 of the complaint, **Wig**

denies each and every allegation herein.

206. In response to the averments set forth in paragraph 206 of the complaint, **Wig** denies each and every allegation herein.

207. In response to the averments set forth in paragraph 207 of the complaint, **Wig** denies each and every allegation herein.

208. In response to the averments set forth in paragraph 208 of the complaint, **Wig** denies each and every allegation herein.

209. In response to the averments set forth in paragraph 209 of the complaint, **Wig** denies each and every allegation herein.

210. In response to the averments set forth in paragraph 210 of the complaint, **Wig** denies each and every allegation herein.

211. In response to the averments set forth in paragraph 211 of the complaint, **Wig** denies each and every allegation herein.

212. In response to the averments set forth in paragraph 212 of the complaint, **Wig** denies each and every allegation herein.

213. In response to the averments set forth in paragraph 213 of the complaint, **Wig** denies each and every allegation herein.

214. In response to the averments set forth in paragraph 214 of the complaint, **Wig** denies each and every allegation herein.

215. In response to the averments set forth in paragraph 215 of the complaint, **Wig** denies each and every allegation herein.

216. In response to the averments set forth in paragraph 216 of the complaint. **Wig**

denies each and every allegation herein.

217. In response to the averments set forth in paragraph 217 of the complaint, Wig denies each and every allegation herein.

218. In response to the averments set forth in paragraph 218 of the complaint, Wig denies each and every allegation herein.

219. In response to the averments set forth in paragraph 219 of the complaint, Wig lacks sufficient information upon which to either admit or deny, and, therefore, denies each and every allegation herein.

220. In response to the averments set forth in paragraph 200 of the complaint, Wig lacks sufficient information upon which to either admit or deny, and, therefore, denies each and every allegation herein.

221. In response to the averments set forth in paragraph 221 of the complaint, Wig denies each and every allegation herein.

222. In response to the averments set forth in paragraph 222 of the complaint, Wig denies each and every allegation herein.

223. In response to the averments set forth in paragraph 223 of the complaint, Wig denies each and every allegation herein.

224. In response to the averments set forth in paragraph 224 of the complaint, Wig denies each and every allegation herein.

225. In response to the averments set forth in paragraph 225 of the complaint, Wig denies each and every allegation herein.

226. In response to the averments set forth in paragraph 226 of the complaint, Wig

denies each and every allegation herein.

227. In response to the averments set forth in paragraph 227 of the complaint, **Wig** denies each and every allegation herein.

228. In response to the averments set forth in paragraph 228 of the complaint, **Wig** denies each and every allegation herein.

229. In response to the averments set forth in paragraph 229 of the complaint, **Wig** denies each and every allegation herein.

230. In response to the averments set forth in paragraph 230 of the complaint. **Wig** denies each and every allegation herein.

231. In response to the averments set forth in paragraph 231 of the complaint, **Wig** admits the averments herein.

232. In response to the averments set forth in paragraph 232 of the complaint, **Wig** denies each and every allegation herein.

233. In response to the averments set forth in paragraph 233 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every allegation herein.

234. In response to the averments set forth in paragraph 234 of the complaint, **Wig** denies each and every allegation herein.

235. In response to the averments set forth in paragraph 235 of the complaint, **Wig** denies each and every allegation herein.

236. In response to the averments set forth in paragraph 236 of the complaint. **Wig** denies each and every allegation herein.

237. In response to the averments set forth in paragraph 237 of the complaint, **Wig** denies each and every allegation herein.

238. In response to the averments set forth in paragraph 238 of the complaint, **Wig** denies each and every allegation herein.

239. In response to the averments set forth in paragraph 239 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every averment herein.

240. In response to the averments set forth in paragraph 240 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every averment herein.

241. In response to the averments set forth in paragraph 241 of the complaint. **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every averment herein.

242. In response to the averments set forth in paragraph 242 of the complaint. **Wig** denies each and every allegation herein.

243. In response to the averments set forth in paragraph 243 of the complaint, **Wig** denies each and every allegation herein.

244. In response to the averments set forth in paragraph 244 of the complaint, **Wig** denies each and every allegation herein.

245. In response to the averments set forth in paragraph 245 of the complaint, **Wig** denies each and every allegation herein.

246. In response to the averments set forth in paragraph 246 of the complaint. **Wig**

denies each and every allegation herein.

247. In response to the averments set forth in paragraph 247 of the complaint, **Wig** denies each and every allegation herein.

248. In response to the averments set forth in paragraph 248 of the complaint, **Wig** denies each and every allegation herein.

249. In response to the averments set forth in paragraph 249 of the complaint, **Wig** denies each and every allegation herein.

250. In response to the averments set forth in paragraph 250 of the complaint, **Wig** denies each and every allegation herein.

251. In response to the averments set forth in paragraph 251 of the complaint, **Wig** denies each and every allegation herein.

252. In response to the averments set forth in paragraph 252 of the complaint, **Wig** denies each and every allegation herein.

253. In response to the averments set forth in paragraph 253 of the complaint, **Wig** denies each and every allegation herein.

254. In response to the averments set forth in paragraph 254 of the complaint, **Wig** denies each and every allegation herein.

255. In response to the averments set forth in paragraph 255 of the complaint, **Wig** denies each and every allegation herein.

256. In response to the averments set forth in paragraph 256 of the complaint, **Wig** denies each and every allegation herein.

257. In response to the averments set forth in paragraph 257 of the complaint, **Wig**

denies each and every allegation herein.

258. In response to the averments set forth in paragraph 258 of the complaint, **Wig** denies each and every allegation herein.

259. In response to the averments set forth in paragraph 259 of the complaint, **Wig** denies each and every allegation herein.

260. In response to the averments set forth in paragraph 260 of the complaint, **Wig** denies each and every allegation herein.

261. In response to the averments set forth in paragraph 261 of the complaint, **Wig** denies the phrase, "as instructed by Wig," and lacks sufficient information upon which to either admit or deny the phrase, "Plaintiff and his family moved out of the home," and, therefore, denies said allegation herein, but **Wig** admits the remainder of the allegations.

262. In response to the averments set forth in paragraph 262 of the complaint, **Wig** denies each and every allegation herein.

263. In response to the averments set forth in paragraph 263 of the complaint, **Wig** denies each and every allegation herein.

264. In response to the averments set forth in paragraph 264 of the complaint, **Wig** denies each and every allegation herein.

265. In response to the averments set forth in paragraph 265 of the complaint, **Wig** denies each and every allegation herein.

266. In response to the averments set forth in paragraph 266 of the complaint, **Wig** denies each and every allegation herein.

267. In response to the averments set forth in paragraph 267 of the complaint, **Wig**

denies each and every allegation herein.

268. In response to the averments set forth in paragraph 268 of the complaint, **Wig** denies each and every allegation herein.

269. In response to the averments set forth in paragraph 269 of the complaint, **Wig** denies each and every allegation herein.

270. In response to the averments set forth in paragraph 270 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every allegation herein.

271. In response to the averments set forth in paragraph 271 of the complaint. **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every allegation herein.

272. In response to the averments set forth in paragraph 272 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every allegation herein.

273. In response to the averments set forth in paragraph 273 of the complaint, **Wig** denies each and every allegation herein.

274. In response to the averments set forth in paragraph 274 of the complaint. **Wig** denies each and every allegation herein.

275. In response to the averments set forth in paragraph 275 of the complaint, **Wig** denies each and every allegation herein.

276. In response to the averments set forth in paragraph 276 of the complaint, **Wig** denies each and every allegation herein.

277. In response to the averments set forth in paragraph 277 of the complaint, **Wig** denies each and every allegation herein.

278. In response to the averments set forth in paragraph 278 of the complaint, **Wig** denies each and every allegation herein.

279. In response to the averments set forth in paragraph 279 of the complaint, **Wig** denies each and every allegation herein.

280. In response to the averments set forth in paragraph 280 of the complaint, **Wig** denies each and every allegation herein.

281. In response to the averments set forth in paragraph 281 of the complaint, **Wig** denies each and every allegation herein.

282. In response to the averments set forth in paragraph 282 of the complaint, **Wig** admits that he testified on or about February 22 and 23, 2006 in a criminal trial involving Plaintiff, and that he provided a notebook reflecting notes of his conversations with Plaintiff, but denies each and every of the remaining averments.

283. In response to the averments set forth in paragraph 283 of the complaint, **Wig** denies each and every allegation herein.

284. In response to the averments set forth in paragraph 284 of the complaint, **Wig** denies each and every allegation herein.

285. In response to the averments set forth in paragraph 285 of the complaint, **Wig** denies each and every allegation herein.

286. In response to the averments set forth in paragraph 286 of the complaint, **Wig** denies each and every allegation herein.

287. In response to the averments set forth in paragraph 287 of the complaint, **Wig** denies each and every allegation herein.

288. In response to the averments set forth in paragraph 288 of the complaint, **Wig** denies each and every allegation herein.

289. In response to the averments set forth in paragraph 289 of the complaint, **Wig** denies each and every allegation herein.

290. In response to the averments set forth in paragraph 290 of the complaint, **Wig** denies each and every allegation herein.

291. In response to the averments set forth in paragraph 291 of the complaint, **Wig** denies each and every allegation herein.

292. In response to the averments set forth in paragraph 292 of the complaint, **Wig** denies each and every allegation herein.

293. In response to the averments set forth in paragraph 293 of the complaint, **Wig** denies each and every allegation herein.

294. In response to the averments set forth in paragraph 294 of the complaint, **Wig** denies each and every allegation herein.

295. In response to the averments set forth in paragraph 295 of the complaint, **Wig** denies each and every allegation herein.

296. In response to the averments set forth in paragraph 296 of the complaint, **Wig** denies each and every allegation herein.

297. In response to the averments set forth in paragraph 297 of the complaint, **Wig** denies each and every allegation herein.

298. In response to the averments set forth in paragraph 298 of the complaint, **Wig** denies each and every allegation herein.

299. In response to the averments set forth in paragraph 299 of the complaint, **Wig** denies each and every allegation herein.

300. In response to the averments set forth in paragraph 300 of the complaint, **Wig** denies each and every allegation herein.

301. In response to the averments set forth in paragraph 301 of the complaint, **Wig** denies each and every allegation herein.

302. In response to the averments set forth in paragraph 302 of the complaint, **Wig** denies each and every allegation herein.

303. In response to the averments set forth in paragraph 303 of the complaint, **Wig** denies each and every allegation herein.

304. In response to the averments set forth in paragraph 304 of the complaint, **Wig** denies each and every allegation herein.

305. In response to the averments set forth in paragraph 305 of the complaint, **Wig** denies each and every allegation herein.

306. In response to the averments set forth in paragraph 306 of the complaint, **Wig** denies each and every allegation herein.

307. In response to the averments set forth in paragraph 307 of the complaint, **Wig** denies each and every allegation herein.

308. In response to the averments set forth in paragraph 308 of the complaint, **Wig** denies each and every allegation herein.

309.    In response to the averments set forth in paragraph 309 of the complaint, **Wig** denies each and every allegation herein.

310.    In response to the averments set forth in paragraph 310 of the complaint, **Wig** denies each and every allegation herein.

311.    In response to the averments set forth in paragraph 311 of the complaint, **Wig** denies each and every allegation herein.

312.    In response to the averments set forth in paragraph 312 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averment, and, therefore, denies each and every averment herein.

313.    In response to the averments set forth in paragraph 313 of the complaint, **Wig** denies each and every allegation herein in the first sentence of said paragraph. Wig lacks sufficient information upon which to either admit or deny the remaining averments in said paragraph, and, therefore, denies each and every averment herein.

314.    In response to the averments set forth in paragraph 314 of the complaint, **Wig** denies each and every allegation herein.

315.    In response to the averments set forth in paragraph 315 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averments, and, therefore, denies each and every averment herein.

316.    In response to the averments set forth in paragraph 316 of the complaint, **Wig** denies each and every allegation herein.

317.    In response to the averments set forth in paragraph 317 of the complaint, **Wig** denies each and every allegation herein.

318. In response to the averments set forth in paragraph 318 of the complaint. **Wig** denies each and every allegation herein.

319. In response to the averments set forth in paragraph 319 of the complaint, **Wig** incorporates the admissions and denials of the preceding paragraphs as though fully set forth at length herein.

320. In response to the averments set forth in paragraph 320 of the complaint, **Wig** denies each and every allegation herein.

321. In response to the averments set forth in paragraph 321 of the complaint, **Wig** denies each and every allegation herein.

322. In response to the averments set forth in paragraph 322 of the complaint, **Wig** denies each and every allegation herein.

323. In response to the averments set forth in paragraph 323 of the complaint, **Wig** denies each and every allegation herein.

324. In response to the averments set forth in paragraph 324 of the complaint, **Wig** denies each and every allegation herein, and further claims that no such representations were made to Plaintiff relating to Plaintiff's illegal and unlawful enterprise to defraud **Wig.**

325. In response to the averments set forth in paragraph 325 of the complaint, **Wig** denies each and every allegation herein, and further claims that no such representations were made to Plaintiff relating to Plaintiff's illegal and unlawful enterprise to defraud **Wig.**

326. In response to the averments set forth in paragraph 326 of the complaint, **Wig** denies each and every allegation herein.

327. In response to the averments set forth in paragraph 327 of the complaint, **Wig**

denies each and every allegation herein.

328.   In response to the averments set forth in paragraph 328 of the complaint, **Wig** denies each and every allegation herein.

329   In response to the averments set forth in paragraph 329 of the complaint, **Wig** denies each and every allegation herein.

330.   In response to the averments set forth in paragraph 330 of the complaint, **Wig** denies each and every allegation herein.

331.   In response to the averments set forth in paragraph 331 of the complaint, **Wig** denies each and every allegation herein.

332.   In response to the averments set forth in paragraph 332 of the complaint, **Wig** denies each and every allegation herein.

333.   In response to the averments set forth in paragraph 333 of the complaint, **Wig** denies each and every allegation herein.

334.   In response to the averments set forth in paragraph 334 of the complaint, **Wig** denies each and every allegation herein.

335.   In response to the averments set forth in paragraph 335 of the complaint, **Wig** denies each and every allegation herein.

336.   In response to the averments set forth in paragraph 336 of the complaint, **Wig** denies each and every allegation herein.

337.   In response to the averments set forth in paragraph 337 of the complaint, **Wig** denies each and every allegation herein.

338.   In response to the averments set forth in paragraph 338 of the complaint, **Wig**

denies that **Wig** engaged in any activity that constitutes a "fraudulent scheme" and lacks sufficient information upon which to either admit or deny whether Plaintiff had any contacts with the Allied Group on or after December 2009, and, therefore, denies each and every averment herein.

339. In response to the averments set forth in paragraph 339 of the complaint, **Wig** denies each and every allegation herein.

340. In response to the averments set forth in paragraph 340 of the complaint, **Wig** incorporates the admissions and denials of the preceding 339 paragraphs herein as fully as though set forth at length herein.

341. In response to the averments set forth in paragraph 341 of the complaint, **Wig** denies each and every allegation herein.

342. In response to the averments set forth in paragraph 342 of the complaint, **Wig** denies each and every allegation herein.

343. In response to the averments set forth in paragraph 343 of the complaint, **Wig** denies each and every allegation herein.

344. In response to the averments set forth in paragraph 344 of the complaint, **Wig** denies each and every allegation herein.

345. In response to the averments set forth in paragraph 345 of the complaint, **Wig** denies each and every allegation herein.

346. In response to the averments set forth in paragraph 346 of the complaint, **Wig** denies each and every allegation herein.

347. In response to the averments set forth in paragraph 347 of the complaint, **Wig**

denies each and every allegation herein.

348. In response to the averments set forth in paragraph 348 of the complaint, **Wig** denies each and every allegation herein.

349. In response to the averments set forth in paragraph 349 of the complaint, **Wig** denies each and every allegation herein

350. In response to the averments set forth in paragraph 350 of the complaint, **Wig** denies each and every allegation herein.

351. In response to the averments set forth in paragraph 351 of the complaint, **Wig** denies each and every allegation herein.

352. In response to the averments set forth in paragraph 352 of the complaint, **Wig** denies each and every allegation herein.

353. In response to the averments set forth in paragraph 353 of the complaint, **Wig** denies each and every allegation herein.

354. In response to the averments set forth in paragraph 354 of the complaint. **Wig** denies each and every allegation herein.

355. In response to the averments set forth in paragraph 355 of the complaint, **Wig** denies each and every allegation herein.

356. In response to the averments set forth in paragraph 356 of the complaint, **Wig** denies each and every allegation herein.

357. In response to the averments set forth in paragraph 357 of the complaint. **Wig** denies each and every allegation herein

358. In response to the averments set forth in paragraph 358 of the complaint, **Wig**

denies each and every allegation herein.

359. In response to the averments set forth in paragraph 359 of the complaint, **Wig** denies each and every allegation herein.

360. In response to the averments set forth in paragraph 360 of the complaint, **Wig** denies each and every allegation herein.

361. In response to the averments set forth in paragraph 361 of the complaint, **Wig** denies each and every allegation herein.

362. In response to the averments set forth in paragraph 362 of the complaint, **Wig** denies each and every allegation herein.

363. In response to the averments set forth in paragraph 363 of the complaint, **Wig** denies each and every allegation herein.

364. In response to the averments set forth in paragraph 364 of the complaint, **Wig** denies each and every allegation herein.

365. In response to the averments set forth in paragraph 365 of the complaint, **Wig** denies each and every allegation herein.

366. In response to the averments set forth in paragraph 366 of the complaint, **Wig** denies each and every allegation herein.

367. In response to the averments set forth in paragraph 367 of the complaint, **Wig** denies each and every allegation herein.

368. In response to the averments set forth in paragraph 368 of the complaint, **Wig** denies each and every allegation herein.

369. In response to the averments set forth in paragraph 369 of the complaint, **Wig**

denies each and every allegation herein.

370. In response to the averments set forth in paragraph 370 of the complaint, **Wig** denies each and every allegation herein.

371. In response to the averments set forth in paragraph 371 of the complaint, **Wig** denies each and every allegation herein.

372. In response to the averments set forth in paragraph 372 of the complaint, **Wig** denies each and every allegation herein.

373. In response to the averments set forth in paragraph 373 of the complaint, **Wig** denies each and every allegation herein.

374. In response to the averments set forth in paragraph 374 of the complaint, **Wig** denies each and every allegation herein.

375. In response to the averments set forth in paragraph 375 of the complaint, **Wig** denies each and every allegation herein.

376. In response to the averments set forth in paragraph 376 of the complaint, **Wig** denies each and every allegation herein.

377. In response to the averments set forth in paragraph 377 of the complaint, **Wig** denies each and every allegation herein.

378. In response to the averments set forth in paragraph 378 of the complaint, **Wig** denies each and every allegation herein.

379. In response to the averments set forth in paragraph 379 of the complaint, **Wig** denies each and every allegation herein.

380. In response to the averments set forth in paragraph 380 of the complaint, **Wig**

denies each and every allegation herein.

381. In response to the averments set forth in paragraph 381 of the complaint, **Wig** denies each and every allegation herein.

382. In response to the averments set forth in paragraph 382 of the complaint. **Wig** denies each and every allegation herein.

383. In response to the averments set forth in paragraph 383 of the complaint, **Wig** denies each and every allegation herein.

384. In response to the averments set forth in paragraph 384 of the complaint, **Wig** denies each and every allegation herein.

385. In response to the averments set forth in paragraph 385 of the complaint, **Wig** denies each and every allegation herein.

386. In response to the averments set forth in paragraph 386 of the complaint, **Wig** denies each and every allegation herein.

387. In response to the averments set forth in paragraph 387 of the complaint, **Wig** denies each and every allegation herein.

388. In response to the averments set forth in paragraph 388 of the complaint, **Wig** denies each and every allegation herein.

389. In response to the averments set forth in paragraph 389 of the complaint. **Wig** denies each and every allegation herein.

390. In response to the averments set forth in paragraph 390 of the complaint, **Wig** denies each and every allegation herein.

391. In response to the averments set forth in paragraph 391 of the complaint, **Wig**

denies each and every allegation herein.

392. In response to the averments set forth in paragraph 392 of the complaint, **Wig** denies each and every allegation herein.

393. In response to the averments set forth in paragraph 393 of the complaint, **Wig** denies each and every allegation herein.

394. In response to the averments set forth in paragraph 394 of the complaint, **Wig** denies each and every allegation herein.

395. In response to the averments set forth in paragraph 395 of the complaint, **Wig** denies each and every allegation herein.

395. In response to the averments set forth in paragraph 400 of the complaint, **Wig** denies each and every allegation herein. (Second numerical paragraph numbered 395 on page 94 of Plaintiff's complaint.)

396. In response to the averments set forth in paragraph 396 of the complaint, **Wig** denies each and every allegation herein.

397. In response to the averments set forth in paragraph 397 of the complaint, **Wig** denies each and every allegation herein except the fact that **Wig** mailed the Mortgage Origination Agreement and Credit Information Authorization Agreement as required for the loan application.

398. In response to the averments set forth in paragraph 398 of the complaint, **Wig** denies each and every allegation herein except that **Wig** mailed four checks to Plaintiff in the amount of $120,868.

399. In response to the averments set forth in paragraph 399 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check to Plaintiff at ABII in

the amount of $66,000.

400.    In response to the averments set forth in paragraph 400 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $176,000 to Plaintiff at ABII.

401.    In response to the averments set forth in paragraph 401 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $57,000 to Plaintiff at ABII.

402.    In response to the averments set forth in paragraph 402 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $246,000 to Plaintiff at ABII.

403.    In response to the averments set forth in paragraph 403 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $111,532 to Plaintiff at ABII.

404.    In response to the averments set forth in paragraph 404 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $800,000 to Plaintiff at ABII.

405.    In response to the averments set forth in paragraph 405 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** signed and mailed a commitment letter for Lakewood Pavilion Shopping Center in the amount of $11,470,000 to Plaintiff at ABII at Plaintiff's request.

406.    In response to the averments set forth in paragraph 406 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** signed and mailed a commitment letter

for Cooper Point Pavilion Shopping Center in the amount of $17,000,000 to Plaintiff at ABII at Plaintiff's request.

407. In response to the averments set forth in paragraph 407 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $98,150 to Plaintiff at ABII.

408. In response to the averments set forth in paragraph 408 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed promissory notes in the amounts of $61,200 and $55,000 to Plaintiff at ABII.

409. In response to the averments set forth in paragraph 409 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a commitment letter that Plaintiff originated in the amount of $471,530,000 to Plaintiff at ABII at Plaintiff's request.

410. In response to the averments set forth in paragraph 410 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $361,849 to Plaintiff at ABII.

411. In response to the averments set forth in paragraph 411 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said averment, and, therefore, denies each and every allegation herein.

412. In response to the averments set forth in paragraph 412 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $100,000 to Plaintiff at ABII.

413. In response to the averments set forth in paragraph 413 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of

$150,000 to Plaintiff at ABII.

414. In response to the averments set forth in paragraph 414 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $150,000 to Plaintiff at ABII.

415. In response to the averments set forth in paragraph 415 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $4,808 to Plaintiff at ABII.

416. In response to the averments set forth in paragraph 416 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed a check in the amount of $4,808 to Plaintiff at ABII.

417. In response to the averments set forth in paragraph 417 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

418. In response to the averments set forth in paragraph 418 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

419. In response to the averments set forth in paragraph 419 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

420. In response to the averments set forth in paragraph 420 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

421. In response to the averments set forth in paragraph 421 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

422. In response to the averments set forth in paragraph 422 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

423. In response to the averments set forth in paragraph 423 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

424. In response to the averments set forth in paragraph 424 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

425. In response to the averments set forth in paragraph 425 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

426. In response to the averments set forth in paragraph 426 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

427. In response to the averments set forth in paragraph 427 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of \$4,808 and \$10,798 to Plaintiff at ABII.

428. In response to the averments set forth in paragraph 428 of the complaint, **Wig**

denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

429. In response to the averments set forth in paragraph 429 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

430. In response to the averments set forth in paragraph 430 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** mailed checks in the amount of $4,808 and $10,798 to Plaintiff at ABII.

431. In response to the averments set forth in paragraph 431 of the complaint, **Wig** denies each and every allegation herein.

432. In response to the averments set forth in paragraph 432 of the complaint, **Wig** denies each and every allegation herein.

433. In response to the averments set forth in paragraph 433 of the complaint, **Wig** denies each and every allegation herein.

434. In response to the averments set forth in paragraph 434 of the complaint, **Wig** denies each and every allegation herein.

435. In response to the averments set forth in paragraph 435 of the complaint, **Wig** denies each and every allegation herein.

436. In response to the averments set forth in paragraph 436 of the complaint, **Wig** denies each and every allegation herein.

437. In response to the averments set forth in paragraph 437 of the complaint, **Wig** denies each and every allegation herein.

438. In response to the averments set forth in paragraph 438 of the complaint, **Wig** denies each and every allegation herein.

439. In response to the averments set forth in paragraph 439 of the complaint, **Wig** denies each and every allegation herein, except that Plaintiff wired $100,000 to **Wig's** attorney's account.

440. In response to the averments set forth in paragraph 440 of the complaint, **Wig** denies each and every allegation herein.

441. In response to the averments set forth in paragraph 441 of the complaint, **Wig** denies each and every allegation herein.

442. In response to the averments set forth in paragraph 442 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send a survey relating to the **Wig Properties'** projects, and, therefore, denies said averment.

443. In response to the averments set forth in paragraph 443 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent a survey relating to the **Wig Properties'** projects, and, therefore, denies said averment.

444. In response to the averments set forth in paragraph 444 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether any person or entity ever sent money via wire or mail for a survey relating to the **Wig Properties'** projects, and, therefore, denies said averment.

445. In response to the averments set forth in paragraph 445 of the complaint, **Wig**

denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send appraisals relating to the **Wig Properties'** projects, and, therefore, denies said averment.

446. In response to the averments set forth in paragraph 446 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed appraisals relating to the **Wig Properties'** projects, and, therefore, denies said averment.

447. In response to the averments set forth in paragraph 447 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether Wig ever sent payments for the appraisals relating to the **Wig Properties'** projects, and, therefore, denies said averment.

448. In response to the averments set forth in paragraph 448 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send hazardous substance reports relating to the **Wig Properties'** projects, and, therefore, denies said averment.

449. In response to the averments set forth in paragraph 449 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent hazardous substance reports relating to the **Wig Properties'** projects, and, therefore, denies said averment.

450. In response to the averments set forth in paragraph 450 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for hazardous substance reports relating

to the **Wig Properties'** projects, and, therefore, denies said averment.

451.   In response to the averments set forth in paragraph 451 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send soils reports relating to the **Wig Properties'** projects, and, therefore, denies said averment.

452.   In response to the averments set forth in paragraph 452 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed soils reports relating to the **Wig Properties'** projects, and, therefore, denies said averment.

453.   In response to the averments set forth in paragraph 453 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the soils reports relating to the **Wig Properties'** projects, and, therefore, denies said averment.

454.   In response to the averments set forth in paragraph 454 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send environmental questionnaires for the loans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

455.   In response to the averments set forth in paragraph 455 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the environmental questionnaires for the loans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

456.   In response to the averments set forth in paragraph 456 of the complaint, **Wig**

denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payment for the environmental questionnaires for the loans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

457. In response to the averments set forth in paragraph 457 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information regarding utilities relating to the **Wig Properties'** projects, and, therefore, denies said averment.

458. In response to the averments set forth in paragraph 458 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to mail information regarding utilities relating to the **Wig Properties'** projects, and, therefore, denies said averment

459. In response to the averments set forth in paragraph 459 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the information regarding utilities relating to the **Wig Properties'** projects, and, therefore, denies said averment.

460. In response to the averments set forth in paragraph 460 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information regarding subdivision and platting relating to the **Wig Properties'** projects, and, therefore, denies said averment.

461. In response to the averments set forth in paragraph 461 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed information regarding subdivision and platting

relating to the **Wig Properties'** projects, and, therefore, denies said averment.

462. In response to the averments set forth in paragraph 462 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the information regarding subdivision and platting relating to the **Wig Properties'** projects, and, therefore, denies said averment.

463. In response to the averments set forth in paragraph 463 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information regarding compliance with zoning ordinances relating to the **Wig Properties'** projects, and, therefore, denies said averment.

464. In response to the averments set forth in paragraph 464 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed information regarding compliance with zoning ordinances relating to the **Wig Properties'** projects, and, therefore, denies said averment.

465. In response to the averments set forth in paragraph 465 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payment for the information regarding compliance with zoning ordinances relating to the **Wig Properties'** projects, and, therefore, denies said averment.

466. In response to the averments set forth in paragraph 466 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information regarding compliance with

street dedications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

467.  In response to the averments set forth in paragraph 467 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed information regarding compliance with street dedications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

468.  In response to the averments set forth in paragraph 468 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for information regarding compliance with street dedications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

469.  In response to the averments set forth in paragraph 469 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information regarding parking availability relating to the **Wig Properties'** projects, and, therefore, denies said averment.

470.  In response to the averments set forth in paragraph 470 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to mail information regarding parking availability relating to the **Wig Properties'** projects, and, therefore, denies said averment.

471.  In response to the averments set forth in paragraph 471 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payment for information regarding parking availability relating to the **Wig Properties'** projects, and, therefore, denies said averment.

472. In response to the averments set forth in paragraph 472 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send the plans and specifications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

473. In response to the averments set forth in paragraph 473 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the plans and specifications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

474. In response to the averments set forth in paragraph 474 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payment for the plans and specifications relating to the **Wig Properties'** projects, and, therefore, denies said averment.

475. In response to the averments set forth in paragraph 475 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send the site plans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

476. In response to the averments set forth in paragraph 476 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the site plans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

477. In response to the averments set forth in paragraph 477 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which

to either admit or deny whether **Wig** ever sent payments for the site plans relating to the **Wig Properties'** projects, and, therefore, denies said averment.

478.    In response to the averments set forth in paragraph 478 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send evidence showing compliance with permits relating to the **Wig Properties'** projects, and, therefore, denies said averment.

479.    In response to the averments set forth in paragraph 479 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to mail evidence showing compliance with permits relating to the **Wig Properties'** projects, and, therefore, denies said averment.

480.    In response to the averments set forth in paragraph 480 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the evidence of compliance with permits relating to the **Wig Properties'** projects, and, therefore, denies said averment.

481.    In response to the averments set forth in paragraph 481 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send the evidence showing the budget and construction schedule relating to the **Wig Properties'** projects, and, therefore, denies said averment.

482.    In response to the averments set forth in paragraph 482 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the evidence showing the budget and

construction schedule relating to the **Wig Properties'** projects, and, therefore, denies said averment.

2

482. In response to the averments set forth in paragraph 482 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the budget and construction schedule relating to the **Wig Properties'** projects, and, therefore, denies said averment. (This relates to the second numerical paragraph 482).

484. In response to the averments set forth in paragraph 484 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send evidence showing the marketing and operating projection relating to the **Wig Properties'** projects, and, therefore, denies said averment.

485. In response to the averments set forth in paragraph 485 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the marketing and operating projection relating to the **Wig Properties'** projects, and, therefore, denies said averment.

486. In response to the averments set forth in paragraph 486 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which te either admit or deny whether **Wig** ever sent payment for the marketing and operating projection relating to the **Wig Properties'** projects, and, therefore, denies said averment.

487. In response to the averments set forth in paragraph 487 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which

to either admit or deny whether **Wig** ever agreed to send the evidence showing the construction contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

488. In response to the averments set forth in paragraph 488 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the marketing and construction contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

489. In response to the averments set forth in paragraph 489 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the construction contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

490. In response to the averments set forth in paragraph 490 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send evidence showing the architect's contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

491. In response to the averments set forth in paragraph 491 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the marketing and architect's contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

492. In response to the averments set forth in paragraph 492 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the architect's contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

493.    In response to the averments set forth in paragraph 493 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send evidence showing the insurance contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

494.    In response to the averments set forth in paragraph 494 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the insurance contract relating to the **Wig Properties'** projects, and, therefore, denies said averment.

495.    In response to the averments set forth in paragraph 495 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the insurance contracts relating to the **Wig Properties'** projects, and, therefore, denies said averment.

496.    In response to the averments set forth in paragraph 496 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send evidence showing title insurance relating to the **Wig Properties'** projects, and, therefore, denies said averment.

497.    In response to the averments set forth in paragraph 497 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed title insurance relating to the **Wig Properties'** projects, and, therefore, denies said averment.

498.    In response to the averments set forth in paragraph 498 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which

to either admit or deny whether **Wig** ever sent payments for the title insurance relating to the **Wig Properties'** projects, and, therefore, denies said averment.

499. In response to the averments set forth in paragraph 499 of the complaint. **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send the UCC-Search relating to the **Wig Properties'** projects, and, therefore, denies said averment.

500. In response to the averments set forth in paragraph 500 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the UCC-Search relating to the **Wig Properties'** projects. and, therefore, denies said averment.

501. In response to the averments set forth in paragraph 501 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the UCC-Search relating to the **Wig Properties'** projects, and, therefore, denies said averment.

502. In response to the averments set forth in paragraph 502 of the complaint. **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send financial information relating to the **Wig Properties'** projects, and, therefore, denies said averment.

503. In response to the averments set forth in paragraph 503 of the complaint. **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed financial information relating to the **Wig Properties'** projects, and, therefore, denies said averment.

504.   In response to the averments set forth in paragraph 504 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the financial information relating to the **Wig Properties'** projects, and, therefore, denies said averment.

505.   In response to the averments set forth in paragraph 505 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to send information on the leases relating to the **Wig Properties'** projects, and, therefore, denies said averment.

506.   In response to the averments set forth in paragraph 506 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the leases relating to the **Wig Properties'** projects, and, therefore, denies said averment.

507.   In response to the averments set forth in paragraph 507 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the leases relating to the **Wig Properties'** projects, and, therefore, denies said averment.

508.   In response to the averments set forth in paragraph 508 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to provide the attorney opinions relating to the **Wig Properties'** projects, and, therefore, denies said averment.

509.   In response to the averments set forth in paragraph 509 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which

to either admit or deny whether **Wig** ever mailed the attorney opinions relating to the **Wig Properties'** projects, and, therefore, denies said averment.

510. In response to the averments set forth in paragraph 510 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the attorney opinions relating to the **Wig Properties'** projects, and, therefore, denies said averment.

511. In response to the averments set forth in paragraph 511 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever agreed to provide an independent evaluation relating to the **Wig Properties'** projects, and, therefore, denies said averment.

512. In response to the averments set forth in paragraph 512 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever mailed the independent evaluations relating to the **Wig Properties'** projects, and, therefore, denies said averment.

513. In response to the averments set forth in paragraph 513 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether **Wig** ever sent payments for the independent evaluations relating to the **Wig Properties'** projects, and, therefore, denies said averment.

514. In response to the averments set forth in paragraph 514 of the complaint, **Wig** denies each and every allegation herein.

515. In response to the averments set forth in paragraph 515 of the complaint, **Wig** denies each and every allegation herein.

516. In response to the averments set forth in paragraph 516 of the complaint, **Wig** denies each and every allegation herein.

517. In response to the averments set forth in paragraph 517 of the complaint, **Wig** denies each and every allegation herein.

518. In response to the averments set forth in paragraph 518 of the complaint, **Wig** denies each and every allegation herein.

519. In response to the averments set forth in paragraph 519 of the complaint, **Wig** denies each and every allegation herein.

520. In response to the averments set forth in paragraph 520 of the complaint, **Wig** denies each and every allegation herein.

521. In response to the averments set forth in paragraph 521 of the complaint, **Wig** denies each and every allegation herein.

522. In response to the averments set forth in paragraph 522 of the complaint, **Wig** denies each and every allegation herein.

523. In response to the averments set forth in paragraph 523 of the complaint, **Wig** denies each and every allegation herein, except that **Wig** lacks sufficient information upon which to either admit or deny whether "others" committed any falsehoods and obstruction of the aforesaid criminal investigation, and, therefore, denies said allegations.

524. In response to the averments set forth in paragraph 524 of the complaint, **Wig** denies each and every allegation herein.

525. In response to the averments set forth in paragraph 525 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore,

denics each and every allegation herein.

526. In response to the averments set forth in paragraph 526 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denics each and every allegation herein.

527. In response to the averments set forth in paragraph 527 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies cach and every allegation herein.

528. In response to the averments set forth in paragraph 528 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies cach and every allegation herein.

529. In response to the averments set forth in paragraph 529 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denics cach and every allegation herein.

530. In response to the averments set forth in paragraph 530 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

531. In response to the averments set forth in paragraph 531 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

532. In response to the averments set forth in paragraph 532 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

533. In response to the averments set forth in paragraph 533 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

534. In response to the averments set forth in paragraph 534 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

535. In response to the averments set forth in paragraph 535 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

536. In response to the averments set forth in paragraph 536 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

537. In response to the averments set forth in paragraph 537 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

538. In response to the averments set forth in paragraph 538 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

539. In response to the averments set forth in paragraph 539 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

540. In response to the averments set forth in paragraph 540 of the complaint, **Wig**

lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

541. In response to the averments set forth in paragraph 541 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

542. In response to the averments set forth in paragraph 542 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

543. In response to the averments set forth in paragraph 543 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

544. In response to the averments set forth in paragraph 544 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

545. In response to the averments set forth in paragraph 545 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

546. In response to the averments set forth in paragraph 546 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

547. In response to the averments set forth in paragraph 547 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore,

denies each and every allegation herein.

548. In response to the averments set forth in paragraph 548 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

549. In response to the averments set forth in paragraph 549 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

550. In response to the averments set forth in paragraph 550 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

551. In response to the averments set forth in paragraph 551 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations. and, therefore, denies each and every allegation herein.

552. In response to the averments set forth in paragraph 552 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

553. In response to the averments set forth in paragraph 553 of the complaint. **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

554. In response to the averments set forth in paragraph 554 of the complaint. **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

555. In response to the averments set forth in paragraph 555 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

556. In response to the averments set forth in paragraph 556 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

557. In response to the averments set forth in paragraph 557 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

558. In response to the averments set forth in paragraph 558 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

559. In response to the averments set forth in paragraph 559 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

560. In response to the averments set forth in paragraph 560 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

561. In response to the averments set forth in paragraph 561 of the complaint, **Wig** denies each and every allegation herein.

562. In response to the averments set forth in paragraph 562 of the complaint, **Wig** denies each and every allegation herein.

563. In response to the averments set forth in paragraph 563 of the complaint, **Wig** denies each and every allegation herein.

564. In response to the averments set forth in paragraph 564 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

565. In response to the averments set forth in paragraph 565 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

566. In response to the averments set forth in paragraph 566 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

567. In response to the averments set forth in paragraph 567 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

568. In response to the averments set forth in paragraph 568 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

569. In response to the averments set forth in paragraph 569 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

570. In response to the averments set forth in paragraph 570 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore,

denies each and every allegation herein.

571. In response to the averments set forth in paragraph 571 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

572. In response to the averments set forth in paragraph 572 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore. denies each and every allegation herein.

573. In response to the averments set forth in paragraph 573 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

574. In response to the averments set forth in paragraph 574 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

575. In response to the averments set forth in paragraph 575 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

576. In response to the averments set forth in paragraph 576 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

577. In response to the averments set forth in paragraph 577 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

578. In response to the averments set forth in paragraph 578 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

579. In response to the averments set forth in paragraph 579 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

580. In response to the averments set forth in paragraph 580 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

581. In response to the averments set forth in paragraph 581 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

582. In response to the averments set forth in paragraph 582 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

583. In response to the averments set forth in paragraph 583 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

584. In response to the averments set forth in paragraph 584 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

585. In response to the averments set forth in paragraph 585 of the complaint, **Wig**

lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

586. In response to the averments set forth in paragraph 586 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

587. In response to the averments set forth in paragraph 587 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

588. In response to the averments set forth in paragraph 588 of the complaint, **Wig** denies each and every allegation herein.

589. In response to the averments set forth in paragraph 589 of the complaint, **Wig** denies each and every allegation herein.

590. In response to the averments set forth in paragraph 590 of the complaint, **Wig** denies each and every allegation herein.

591. In response to the averments set forth in paragraph 591 of the complaint, **Wig** incorporates **Wig's** admissions and denials from paragraphs 1 through 590 herein as fully set forth at length herein.

592. In response to the averments set forth in paragraph 592 of the complaint, **Wig** denies each and every allegation herein.

593. In response to the averments set forth in paragraph 593 of the complaint, **Wig** denies each and every allegation herein.

594. In response to the averments set forth in paragraph 594 of the complaint, **Wig**

denies each and every allegation herein.

595. In response to the averments set forth in paragraph 595 of the complaint, **Wig** admits line 1 of said paragraph, all of line 2 except the word "others", "ABII, Abe" on line 3, "out of commitment fees and investments in Abe" on lines 4 and 5 and "designed to defraud Wig" on line 6. **Wig** lacks sufficient information for the remaining allegations upon which to either admit or deny the remaining allegations, and, therefore, denies each and every remaining allegation herein.

596. In response to the averments set forth in paragraph 596 of the complaint, **Wig** denies each and every allegation herein.

597. In response to the averments set forth in paragraph 597 of the complaint, **Wig** denies each and every allegation herein.

598. In response to the averments set forth in paragraph 598 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

599. In response to the averments set forth in paragraph 599 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

600. In response to the averments set forth in paragraph 600 of the complaint, **Wig** incorporates **Wig's** denials and admissions from paragraphs 1 through 599 herein as fully as though set forth at length herein.

601. In response to the averments set forth in paragraph 601 of the complaint, **Wig** denies each and every allegation herein, except the second sentence of said paragraph which **Wig**

lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies said allegations.

602. In response to the averments set forth in paragraph 602 of the complaint, **Wig** denies each and every allegation herein.

603. In response to the averments set forth in paragraph 603 of the complaint, **Wig** denies each and every allegation herein.

604. In response to the averments set forth in paragraph 604 of the complaint, **Wig** denies each and every allegation herein.

605. In response to the averments set forth in paragraph 605 of the complaint, **Wig** denies each and every allegation herein.

606. In response to the averments set forth in paragraph 606 of the complaint, **Wig** denies each and every allegation herein.

607. In response to the averments set forth in paragraph 607 of the complaint, **Wig** denies each and every allegation herein.

608. In response to the averments set forth in paragraph 608 of the complaint, **Wig** denies each and every allegation herein.

609. In response to the averments set forth in paragraph 609 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

610. In response to the averments set forth in paragraph 610 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

611. In response to the averments set forth in paragraph 611 of the complaint, **Wig** incorporates **Wig's** denials and admissions from paragraphs 1 through 610 herein as fully as though set forth at length herein.

612. In response to the averments set forth in paragraph 612 of the complaint, **Wig** denies each and every allegation herein.

613. In response to the averments set forth in paragraph 613 of the complaint, **Wig** denies each and every allegation herein.

614. In response to the averments set forth in paragraph 614 of the complaint, **Wig** denies each and every allegation herein.

615. In response to the averments set forth in paragraph 615 of the complaint, **Wig** denies each and every allegation herein.

616. In response to the averments set forth in paragraph 616 of the complaint, **Wig** denies each and every allegation herein.

617. In response to the averments set forth in paragraph 617 of the complaint, **Wig** denies each and every allegation herein.

618. In response to the averments set forth in paragraph 618 of the complaint, **Wig** denies each and every allegation herein.

619. In response to the averments set forth in paragraph 619 of the complaint, **Wig** denies each and every allegation herein.

620. In response to the averments set forth in paragraph 620 of the complaint, **Wig** denies each and every allegation herein.

621. In response to the averments set forth in paragraph 621 of the complaint, **Wig**

denies each and every allegation herein.

622. In response to the averments set forth in paragraph 622 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

623. In response to the averments set forth in paragraph 623 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

624. In response to the averments set forth in paragraph 624 of the complaint, **Wig** lacks sufficient information upon which to either admit or deny said allegations, and, therefore, denies each and every allegation herein.

625. In response to the averments set forth in paragraph 625 of the complaint, **Wig** incorporates **Wig's** admissions and denials of paragraphs 1 through 624 herein as fully as though set froth at length herein.

626. In response to the averments set forth in paragraph 626 of the complaint, **Wig** denies each and every allegation herein.

627. In response to the averments set forth in paragraph 627 of the complaint, **Wig** denies that Plaintiff is entitled to a trial or a trial by jury.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The complaint, and each purported cause of action therein, is barred by a written Settlement Agreement and Mutual Release entered into by the parties on December 17, 2003.

## THIRD AFFIRMATIVE DEFENSE

The damages and relief claimed by **Plaintiff,** if any, are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrine of collateral estoppel, thus barring the relief and damages claimed herein.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrine of judicial estoppel, thus barring the relief and damages claimed herein.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that **Plaintiff** has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against **Wig** must be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

**Wig** alleges that the causes of action attempted to be stated and set forth in the complaint are barred by all applicable statute of limitation provisions, and the limitations as set forth in *California Code of Civil Procedure Sections 335.1, 337, 338, 340, 340.3, 343 and 18 United States Code Section 1964 and relevant case law.*

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrine of res judicata, thus barring the relief and damages sought herein.

## NINTH AFFIRMATIVE DEFENSE

**Plaintiff** has not suffered any damages as a result of any actions taken by **Wig**, and **Plaintiff** is thus barred from asserting the complaint, or any purported claim, against **Wig**.

## TENTH AFFIRMATIVE DEFENSE

**Plaintiff's** claims, in whole or in part, are barred by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

**Wig** and its employees, if any, **acted** reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, **Plaintiff** is barred from any recovery against **Wig** in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the equitable doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

The complaint, and each cause of action contained therein, fails to state sufficient facts to constitute a valid claim for attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

**Wig** alleges that **Plaintiff's** injuries and damages, if any, were caused by the negligence or fault of Plaintiff and/or others, other than **Wig**, and that such fault on the part of others

proximately and concurrently caused or contributed to the loss of damages complained of by **Plaintiff**, if any there were.

### FIFTHEENTH AFFIRMATIVE DEFENSE

**Plaintiff's** damages, if any, were judicially privileged, or subject to the litigation privilege, thus barring the relief and damages sought herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

**Plaintiff's** damages, if any there were, were the result of **Plaintiff's** intentional misconduct and illegal activities, thus barring the relief and damages sought herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**Wig** alleges that the complaint herein has not brought in good faith and is in violation of *Rule 11 of the Federal Rules of Civil Procedure,* and the Defendants are entitled to and will seek reasonable expenses, including attorneys' fees, incurred in defending the action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**Plaintiff** has failed to set out his claims with sufficient particularity to permit **Wig** to raise all appropriate defenses and, thus, **Wig** reserves its rights to add additional defenses as a factual basis for these claims becomes known.

### NINETEENTH AFFIRMATIVE DEFENSE

**Wig** alleges that **Wig** lacked the requisite intent to violate any laws as alleged by **Plaintiff,** thus barring the relief and damages sought herein.

//

//

## TWENTIETH AFFIRMATIVE DEFENSE

**Wig** alleges that these answering defendants lacked the requisite intent to knowingly join the alleged conspiracy, and to involve the defendants, directly or indirectly in the commission of the requisite predicate offenses, thus barring the relief and damages sought herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Racketeer Influenced and Corrupt Organizations (RICO) and conspiracy causes of action are barred by the failure on the part of the **Wig** defendants' to be involved in any pattern of racketeering activity, thus barring the relief and damages sought herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**Wig** alleges that the acts and conduct of Plaintiff give rise to Plaintiff being declared a vexatious litigant, thus barring or staying this proceeding pending the posting of a bond.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**Wig** alleges that Plaintiff's fraudulent conduct bars the relief and damages sought herein.

WHEREFORE, **Wig** prays for judgment as follows:

1.    That Plaintiff take nothing by reason of the complaint; and

2.    That Defendant be awarded attorney's fees and costs of suit incurred herein, and such other and further relief as the court deems just and proper.

Dated: February 1, 2010                     Law Offices of Tod M. Ratfield

By_____
Tod M. Ratfield

## VERIFICATION

I, Manmohan K. Wig, am an individual Defendant in this action, as well as the Managing Member of Defendant Wig Properties, LLC, and have read the Answer to Complaint, and know the contents thereof. I certify that the same is true of my own knowledge, except as to the matters which are therein state upon information or belief, and as to those matters I believe it be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of February 2010, at Seattle, Washington.

Manmohan K. Wig, Individually and as
Managing Member of Wig Properties, LLC

*Bhatia v. Wig, et al.*
*Verification to Answer to Complaint*