| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| | OAKLAND DIVISION |

| | |
|---|---|
| LAL BHATIA,<br><br>      Plaintiff,<br><br>vs.<br><br>MANMOHAN K. WIG, WIG PROPERTIES, LLC , AND DOES 1-50,<br><br>      Defendants. | Case No:  C 10-0072 SBA<br><br>Related to:<br>C 09-05581 SBA<br>CR 05-0334 SBA<br><br>**ORDER DENYING MOTIONS TO COMMENCE DISCIPLINARY PROCEEDINGS AGAINST ASSISTANT UNITED STATES ATTORNEY STEPHEN CORRIGAN AND FEDERAL BUREAU OF INVESTIGATIONS AGENT JANET BERRY** |

      Plaintiff Lal Bhatia ("Bhatia") is a well-known civil and criminal litigant in this Court.  On February 28, 2006, Bhatia was convicted following a jury trial before District Judge Claudia Wilken of nine counts of mail fraud and eighteen counts of money laundering.  See United States v. Lal Bhatia, CR 04-40071 CW.  In addition, Bhatia currently is a defendant in a multi-defendant action which is now pending before this Court, in which he is charged with multiple counts of wire fraud and money laundering.  See United States v. Lal Bhatia, et al., CR 05-00334 SBA.  Assistant United States Attorney ("AUSA") Stephen Corrigan is the attorney acting on behalf of the Government in both criminal actions, while Federal Bureau of Investigations Agent Janet Berry ("Agent Berry") was involved in the criminal investigations.

      On January 6, 2010, Bhatia, acting pro se, filed a prolix 157-page Complaint against Defendants Manmohan K. Wig and Wig Properties.  In his Complaint, Bhatia alleges that Mr. Wig, a relative of Bhatia, was, in fact, responsible for the fraudulent scheme for which

he was convicted in CR 04-40071 CW, and currently is under indictment in CR 05-00334 SBA.  Neither AUSA Corrigan nor Agent Berry are parties to the instant action.  However, Bhatia has sued AUSA Corrigan and Agent Berry in two prior civil actions.  See Lal Bhatia v. United States of America, et al., C 08-2808 SBA and Lal Bhatia v. Office of the United States Attorney, C 09-5581 SBA.[1]

On February 8, 2010, Plaintiff filed the instant "Motion to Commence Disciplinary Proceedings Against Asst. United States Attorney Stephen G. Corrigan Pursuant to Code of Judicial Conduct, Cannon [sic] 3(b)(3) and to Ensure Effective and Expeditious Administrate of the Business of the United States Courts." (Docket 10.)  On April 21, 2010, Plaintiff filed a "Second [Administrative] Motion Requesting the Court to Adjudicate Plaintiff's Unrefuted Motion to Commence Disciplinary Proceedings Against AUSA Corrigan, Filed on February 8, 2010." (Docket 37.)  Both motions accuse AUSA Corrigan and Agent Berry of engaging in misconduct in connection with the two criminal prosecutions brought against him.

Bhatia's motions to have disciplinary proceedings commenced against AUSA Corrigan and Agent Better are improper, frivolous and in violation of Federal Rule of Civil Procedure 11.  Neither of these individuals is a party to this action.  Moreover, Bhatia's motions are duplicative of similar motions that he previously filed in his other criminal and civil actions, which the Court has already considered and rejected.  See Bhatia, No. C 08-2808 SBA, Docket 39 (N.D. Cal., June 10, 2010) (denying "Motion Pursuant to Federal Rules of Civil Procedures (sic), Rule 60(b)(5) and 60(b)(6), to Commence Disciplinary Proceedings Against Asst. United States Attorney, Stephen G. Corrigan for His Unethical, Deceitful and Immoral Conduct in light of Ninth Circuit's Opinion in Case No. 08-17784"); Bhatia, No. C 09-5581 SBA, Docket 25 (N.D. Cal. May 19, 2010) (denying motion for imposition of criminal penalties against AUSA Corrigan and Agent Berry based on alleged

---

[1] On November 6, 2008, the Court dismissed Case No. C 08-2808 SBA for lack of jurisdiction.  The Ninth Circuit affirmed the Court's ruling on April 20, 2010.  The other civil action remains pending.  Since both cases are assigned to this Court, the pending motion to relate the cases (Docket 20) is denied as moot.

1 | inaccurate information presented to the grand jury); <u>Bhatia</u>, CR 04-40071 CW, Docket 353
2 | (N.D. Cal. March 10, 2009) (denying motion to dismiss indictment and commence
3 | disciplinary proceedings against the Assistant United States Attorney).

4 |     Bhatia is warned against filing any further frivolous motions, including any motions
5 | requesting that AUSA Corrigan and Agent Berry be referred for any type of disciplinary
6 | proceedings based on their involvement in the above cases.  Failure to comply with this or
7 | any other order of this Court, as well as the Federal Rules of Civil Procedure and the Local
8 | Rules, may be deemed grounds for the imposition of sanctions, up to and including
9 | dismissal of the action.  <u>See</u> Fed.R.Civ.P. 41(b).  Accordingly,

10 |     IT IS HEREBY ORDERED THAT:

11 |     1.  Bhatia's motions for disciplinary proceedings to be commenced against
12 | AUSA Corrigan and Agent Berry are DENIED.

13 |     2.  This Order terminates Docket 10, 20 and 37.

14 |     IT IS SO ORDERED.

15 | Dated:  9/1/10

                                    */s/ Saundra B. Armstrong*
                                    SAUNDRA BROWN ARMSTRONG
                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BHATIA et al,

        Plaintiff,

  v.

WIG et al,

        Defendant.
_____/

Case Number: CV10-00072 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia 97562-011
Federal Detention Center
5675 - 8th Street
Camp Parks
Dublin, CA 94568

Dated: September 2, 2010

                                      Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk